UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-118-KSF

CHRISTOPHER N. AMAECHI                                                              PLAINTIFF

v.                             **OPINION & ORDER**

THE UNIVERSITY OF KENTUCKY, *et al.*                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion of the Defendants, the University of Kentucky, the Board of Trustees of the University of Kentucky, Donald Witt, in his official capacity, and Jaqueline Hager, in her official capacity (collectively the "Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE # 72]. For the reasons set forth below, the Defendants' motion will be granted.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises out of the plaintiff's claims that his transcripts at the University of Kentucky ("UK") failed to include coursework he completed at other universities, and incorrectly listed a grade of "W" for a course he was previously enrolled in at the UK. He names UK, Jacqueline O. Hager, Donald Witt, and the Board of Trustees for UK as defendants. Amaechi's Complaint asserts claims under 42 U.S.C. § 1983 for alleged violation of his First and Fourteenth Amendment constitutional rights. He also asserts claims for violations of the Family Educational Rights and Privacy Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* and state law.

1

The Defendants have filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Defendants argue, *inter alia*, that Amaechi's claims are barred by the Eleventh Amendment. The Court agrees.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Phillip Morris Companies, Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v.*

2

*Liberty Lobby, Inc.*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. at 249-50 (citations omitted).

III. ANALYSIS

    A. AMAECHI'S FEDERAL CLAIMS AGAINST THE OFFICIAL DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued. Specifically, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State.

U.S.Const. amend. XI. In addition to the states themselves, Eleventh Amendment immunity can also extend to departments and agencies of states, as well as "state instrumentalities." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). In this case, UK and the Board of Trustees of UK are clearly arms or instrumentalities of the State and thus are entitled to Eleventh Amendment immunity on Amaechi's federal claims.

Additionally, under the Eleventh Amendment, any suit for damages against state officials sued in their official capacities is not viable, because it would be the same as a suit against the state. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and *Doe v. Wigginton*, 21 F.3d 733, 737 (6th Cir. 1994)(state officials sued in their official capacities are not considered persons under § 1983). Thus, the individual defendants, in their official capacities, also enjoy absolute immunity from Amaechi's federal claims.

While the caption of Amaechi's Complaint does not indicate whether the individual defendants have been sued officially, individually, or both, the body of his Complaint makes clear that Defendant Donald Witt, Assistant Provost of the University of Kentucky, and Defendant Jacqueline O. Hager, Associate Registrar, are only sued in their "administrative procedural capacity." [DE #2, pg. 7, 11]. Only in response to the Defendants' motion for summary judgment does Amaechi contend that Defendant Witt and Defendant Hager have been sued individually [DE #76]. The Court will not allow Amaechi to subject these defendants to liability in their individual capacities at this late date, long after discovery has closed and the deadline to amend pleadings has passed. *See* Scheduling Order of July 20, 2009 [DE # 35]. Therefore, because Amaechi's federal claims are barred by the Eleventh Amendment, the Court will grant the Defendants' motion for summary judgment with respect to those claims.

### B. AMAECHI'S STATE LAW CLAIMS

Having concluded that summary judgment must be granted in the defendants' favor on Amaechi's federal claims, the Court's original jurisdiction has been extinguished. Pursuant to 28 U.S.C. § 1367(c)(3), the Court may, *sua sponte*, decline to exercise supplemental jurisdiction over pendant issues. *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)(citing *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)). In this case, there are no overwhelming issues of judicial economy which would weigh towards exercising jurisdiction. As a result, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and will dismiss them without prejudice. 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby

4

**ORDERS** as follows:

(1) the defendants' motion for summary judgment [DE #72] is **GRANTED**, and judgment in favor of the defendants will be entered contemporaneously with this Opinion & Order

(2) Amaechi's federal claims are hereby **DISMISSED WITH PREJUDICE**;

(3) Amaechi's state law claims are hereby **DISMISSED WITHOUT PREJUDICE**;

(4) a judgment consistent with this Opinion & Order will be entered contemporaneously;

(5) Amaechi's motion to suppress irregularities in deposition [DE #73] is **DENIED** as moot; and

(6) the pretrial conference assigned on May 20, 2010, and the jury trial assigned on June 22, 2010, are **CANCELED AND SET ASIDE.**

This April 19, 2010.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge