UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-118-KSF

CHRISTOPHER N. AMAECHI    PLAINTIFF

v.    **OPINION & ORDER**

THE UNIVERSITY OF KENTUCKY, *et al.*    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

This matter is currently before the Court upon the motion [DE #82] of the plaintiff, Christopher N. Amaechi, for relief from the Court's Opinion and Order and Judgment of April 19, 2010 pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. Also before the Court is the motion [DE #84] of the defendants to alter or amend, and/or for relief from the judgment pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure. These motions are ripe for review.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

This civil action arises out of Amaechi's claims that his transcripts at the University of Kentucky ("UK") failed to include coursework or degrees he completed at other universities, and incorrectly listed a grade of "W" for a course he was previously enrolled in at UK. He names UK, Jacqueline O. Hager, Donald Witt, and the Board of Trustees for UK as defendants. Amaechi's Complaint asserts claims under 42 U.S.C. § 1983 for alleged violation of his First and Fourteenth Amendment constitutional rights. He also asserts claims for violations of the Family Educational Rights and Privacy Act, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* and state law.

1

The Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [DE #72]. The Defendants argued, *inter alia*, that Amaechi's claims are barred by the Eleventh Amendment. The Court agreed, and judgment was entered on that basis on April 19, 2010 [DE ##79, 80]. Amaechi has filed a notice of appeal [DE #83], as well as a motion for relief from the judgment, arguing that the defendants received judgment in their favor as a result of fraud and/or misrepresentation of fact [DE #82]. The Defendants have also filed their motion to alter or amend, arguing that the Eleventh Amendment does not provide a basis for relief on Amaechi's claims that the defendants violated his rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d, *et seq* [DE#84]. Despite Amaechi's notice of appeal, the appellate matter is being held in abeyance pending this Court's ruling on the pending motions. [DE #85]. *See* Fed.R.App.P. 4(a)(4).

## II. ANALYSIS

Turning first to Amaechi's motion for relief based on fraud, the Court finds that Amaechi has failed to come forward with any evidence of fraud on the part of the defendants. In a motion for relief based on Rule 60(b), the plaintiff "bears the burden of establishing grounds for relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). Where a party alleges that another party has perpetrated a fraud upon the Court, that party must "show at least a reckless disregard for the truth." *Anderson v. Williams*, 47 Fed.Appx. 333, 335 (6th Cir .2002); *see also Demjanjuk v. Petrovsky*, 10 F.3d 338, 353-54 (6th Cir. 1993).

The Court has reviewed Amaechi's motion and the pleadings and briefs submitted by the defendants, and finds that Amaechi has failed to meet his burden. Although Amaechi claims that the defendants misrepresented his claim that UK failed to include "degrees" he earned at other

2

institutions as a claim that UK misrepresented "coursework" undertaken at other institutions, this distinction is irrelevant to the Court's findings and does not amount to fraud. Additionally, Amaechi's contention that he never claimed that UK incorrectly listed a grade of "W" for a course he previously enrolled in is itself false. Amaechi has made this exact claim in other pleadings. With respect to the capacity in which defendants Hager and Witt were sued, Amaechi continues to argue that they were sued individually, even though they were consistently referred to only in their administrative capacity.

Amaechi also asserts that the fact that the undersigned attended the University of Kentucky College of Law amounts to a conflict of interest. A federal judge may be disqualified for bias or prejudice on a motion supported by a written affidavit of facts supporting the claim. 28 U.S.C. § 144. Amaechi has failed to comply with this statute; he has not filed any motion or affidavit, or set out any facts other than the undersigned's attendance at the University of Kentucky to support this allegation. *See U.S. v. Sammons*, 918 F.2d 592, 598-99 (6th Cir. 1990)(the defendant "never filed the required affidavit, and was not, therefore, entitled to recusal under 28 U.S.C. § 144"). Additionally, while 28 U.S.C. § 455(a), provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned," courts have found that affiliation with a particular university is not alone a sufficient basis for recusal. *See Easley v. University of Michigan Bd. of Regents*, 906 F.2d 1143 (6th Cir. 1990).

The remainder of Amaechi's motion simply rehashes arguments previously rejected by this Court. Because Amaechi has failed to show that the defendants knowingly made any misrepresentations to the Court or somehow acted with reckless disregard for the truth, his motion for relief based on Rule 60(b)(3) will be denied.

Turning now to the defendants' motion to alter or amend, the Court has reviewed the defendants' original motion for summary judgment and their current motion to alter or amend, and agrees that the Eleventh Amendment does not provide a basis for dismissal of Amaechi's Title VI claims. *See* 42 U.S.C. § 2000d-7(a)(2); *D.J. Miller & Assocs., Inc. v. Ohio Dept. of Admin. Servs.*, 115 F.Supp.2d 872, 878 (S.D. Ohio 2000). However, the defendants' motion for summary judgment sets forth other grounds justifying entry of summary judgment in their favor on this claim.

In order "to avoid summary judgment on a claim under § 2000d, a plaintiff must create a genuine issue of material fact that the defendant intended to discriminate on the basis of race." *Buchanan v. City of Bolivar, Tenn.*, 99 F.3d 1352, 1356 (6th Cir .1996). "In other words, proof of discriminatory intent is critical." *Id*. Thus, when "the decisionmaker is motivated by a factor other than the excluded party's race, there can be no intentional discrimination." *Id*.

Here, Amaechi has failed to come forward with *any* evidence of intentional discrimination based on his race. When the defendants were advised of errors on his transcript, the errors were corrected, and offers to send explanations to anyone who received the incorrect transcripts were declined. Furthermore, under UK's policies, the grade of "W" about which Amaechi complains was proper and does not alone amount to evidence of intentional discrimination. Without more, Amaechi simply cannot proceed under Title VI. Accordingly, the Court will grant the defendants' motion to alter or amend to the extent that Amaechi's claims based on Title VI are dismissed because Amaechi failed to come forward with any evidence upon which a reasonable trier of fact could find that the defendants intentionally discriminated against him on the basis of his race.

### III.   CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby

**ORDERS** as follows:

(1) the plaintiff's motion for relief [DE #82] is **DENIED**;

(2) the defendants' motion to alter or amend [DE #84] is **GRANTED** to the extent that the Court's Opinion & Order of April 19, 2010 [DE #79] is **AMENDED** to reflect that Amaechi's Title VI claims are dismissed because Amaechi has failed to come forward with any evidence of intentional discrimination;

(3) the plaintiff's motion to strike [DE #81] is **DENIED** as moot;

(4) an Amended Judgment consistent with this Opinion & Order will be entered contemporaneously;

(5) this matter is **DISMISSED** and **STRICKEN** from the active docket; and

(6) this Amended Judgment is **FINAL** and **APPEALABLE** and no just cause for delay exists.

This June 21, 2010.

Signed By:

*Karl S. Forester* KSF

United States Senior Judge